## Schuylkill Navigation Company *against* Harris.

A release under seal to an interested witness imports a sufficient considera-
tion to make it valid; but if without seal, and no consideration is expressed or
proved, it must be regarded as without consideration, and insufficient.

The hands employed by the master of a boat are competent witnesses for the
owner, in an action by him to recover damages for an injury to the boat.

In a suit against a canal company to recover damages for an injury to the
plaintiff's boat, occasioned by the misconduct of one of the defendants' lock-
keepers, the master of the boat is not a witness for the plaintiff, without a release,
where it is alleged the injury arose from the master's mismanagement.

*Quære*, whether the plaintiff's calling and examining the master on the trial,
as a witness, would not remove the objection that his evidence tended to excul-
pate himself.

However that may be, it would not make his deposition, previously taken,
evidence in the cause.

ERROR to the District Court for the city and county of *Phila-
delphia*, in which Thomas J. Harris brought this action on the
case against the plaintiffs in error, and obtained a verdict and
judgment. The plaintiff offered in evidence certain depositions
and releases; the admission of which was assigned for error. The
case is fully stated in the opinion of the court.

*W. M. Tilghman* and *B. Tilghman*, for plaintiff in error, cited
1 *Camp.* 251; 8 *Taunt.* 454; 5 *Carr. & P.* 454, (24 *E. C. L.* 402);
3 *Carr. & P.* 305, (14 *E. C. L.* 319); 1 *Moo. & Malk.* 319, (22 *E.
C. L.* 321); 1 *Esp.* 164; 4 *T. R.* 589; 1 *Cow.* 515; 3 *Wend.* 180;
19 *Ib.* 496; 1 *Rawle* 197.

*Mallery*, contra, referred to 11 *Moore* 342, (22 *E. C. L.* 410);
11 *E. C. L.* 378; 1 *Metcalf* 521; 3 *Phil. Ev.* 260 (*note*); 1 *Camp.* 37.

The opinion of the Court was delivered by,

KENNEDY, J.—This was an action brought by Thomas J. Har-
ris against the Schuylkill Navigation Company, to recover com-
pensation for a loss sustained by him in consequence of an injury
done to his boat in their canal, occasioned by the mismanagement,
or want of the exercise of due care and skill on the part of one of
their lock-keepers, when the boat was approaching and about to
enter the lock of which he had the charge. The plaintiff offered
to read in evidence the deposition of John Williams, the captain
of, or person to whom he had entrusted the direction and manage-
ment of the boat at the time the accident happened which pro-
duced the injury: also the depositions of Gettes Miller and
Leonard Bryley, hands employed by the plaintiff to assist in navi-

gating the boat, under the direction of Williams. The depositions were regularly taken, under a rule of the court, and due previous notice given to the company of the time and place at which they would be, and accordingly were taken. But the defendants objected to their being read, because, as they alleged, the witnesses were evidently interested in favour of sustaining the action, as their evidence was offered for the purpose of exculpating themselves from all blame in the matter, by proving that the injury arose entirely from the misconduct, or want of the exercise of due care and skill on the part of the lock-keeper, the agent of the defendants: and that being so interested, and liable to the plaintiff to make good to him the loss he was seeking to recover in this action, from the defendants, if the injury happened through their default in any way, they were incompetent to testify in his favour without being first released by him from all liability to compensate him for the loss he had suffered; and this did not appear to have been done. As to Miller and Bryley, we think that they were competent witnesses for the plaintiff without being released by him, because they were under the control and direction of Williams, to whom the plaintiff had given the command of the boat, and bound to do as Williams directed them, notwithstanding that by doing so they might occasion the injury complained of. In such case, Williams alone would be responsible to the plaintiff; and to him he would have to look for compensation. But from the relation in which Williams stood to the plaintiff, he was undoubtedly incompetent, on the ground of interest, unless first released by the plaintiff; and so the plaintiff thought, himself, for it appears that he gave to the witness, before taking his deposition, what he considered or was advised was a release. It, however, is objected to because it was not executed by the plaintiff, under his seal as well as his hand, and appears to have been given without any consideration or at least none is expressed in it. We consider the objection to the release fatal. Had the plaintiff affixed his seal to it, the sealing and delivery by him to the witness would have been a sufficient consideration, in the eye of the law, to have rendered it valid and binding; but having set his hand or name only to it, without any consideration being expressed on its face, or proved to have been given for his doing so, it must be regarded as having been given without consideration, and therefore inefficacious. This is according to what would seem to be the better and most approved rule on the subject. See *Jackson* v. *Stackhouse*, (1 *Cowen* 122).

It has, however, been argued, that admitting the law to be so, yet the plaintiff, after having adduced Williams as a witness, and having had the benefit of his testimony, would not be permitted to maintain an action against him to recover compensation for the loss occasioned by his negligence, misconduct or want of skill. This may be so, though it is not necessary to determine, here,

whether it would be so or not, because it does not go to decide the question to be solved, which is, was Williams rendered a competent witness for the plaintiff by his having been released by the latter, previously to his giving his deposition ? for, unless he were, he must be regarded as interested at the time in the result of the suit, and therefore incompetent to give testimony in favour of such interest.   His being released subsequently by the conduct and course pursued by the plaintiff, could not possibly make his testimony admissible, which was given by him previously under the influence of the interest which existed at the time.

Judgment reversed, and a *venire facias de novo* awarded.