## Commonwealth *ex rel.* Knight *versus* Allen *et al.*

In an action on a sheriff's official bond, the defendants are only liable for the damages actually sustained by the plaintiff, in consequence of the default alleged in the declaration.

A lease *per autre vie* cannot be sold on a *fi. fa.*

A person is not incompetent as a witness, because of his liability to a third person, who is liable over to the defendant, in case of a recovery.

ERROR to the District Court of *Philadelphia.*

This was an action of debt upon the official bond of Samuel Allen, as sheriff of the county of Philadelphia. The breach assigned was a failure to return a *fieri facias* placed in his hands, and default in selling the property seized under the writ.

The firm of C. P. Knight & Co. recovered a judgment in the Supreme Court against William McGuire, for $807.85; and, on

[Commonwealth *ex rel.* Knight *v.* Allen *et al.*]

the 5th December 1853, they issued a *fi. fa.* upon this judgment, and placed the same in sheriff Allen's hands. Under this writ, the sheriff levied upon a leasehold interest for life, and also upon a small stock of groceries in a store.

On the 16th December 1853, upon the affidavit of Benjamin Sharpe, that he was the owner of the *goods* levied on, an order was made for an interpleader between Sharpe and the plaintiffs. That proceeding terminated on the 11th April 1855, and established that the goods were liable to seizure and sale at the suit of the plaintiffs. On the 12th April 1855, the court granted a rule upon the sheriff to return the *fi. fa.* on or before the 21st of that month. And on the 19th of the same month, the sheriff sold the *goods* levied upon for $33.33; but did not return the writ until after this suit was brought.

On the trial of the cause, the defendants offered as a witness George K. Wise, who had been an assistant to the deputy-sheriff, but held no appointment from the sheriff: the plaintiffs objected to his competency, but the court admitted his testimony, and sealed a bill of exceptions.

The court below (SHARSWOOD, P. J.,) charged the jury: 1. That the life estate could not be sold under the *fi. fa.* 2. That if the sheriff sold the goods levied on, the damages should be only nominal. To which the plaintiffs excepted.

There was a motion for a new trial, on which the following opinion was delivered by the court below:

*Per Curiam.*—" This was an action on the sheriff's official bond for not returning a *fi. fa.*, and for not selling goods levied on.

" So far as the latter part of the complaint is concerned, it was left to the jury to say upon the evidence, whether the sheriff had proceeded and sold the goods levied on. They have in effect found by their verdict that the property sold was all that had been levied on, and that there was no liability on the sheriff on this ground.

" As to the former part of the complaint, the non-return of the writ, the fact was that, at the time the plaintiff's suggestion was filed, the writ had not been returned, although the sheriff had been ruled to do so, and the time fixed in the order of court had expired. It was left to the jury to say what damage the plaintiff had suffered, and the jury was instructed that if they thought he had suffered no damage, they ought still to find for the plaintiff nominal damages. The plaintiff has no right to complain of this direction. It is true, that the jury were instructed that the lease of the premises being a lease *per autre vie*, and not thereon subject to be seized and sold upon, under a *fi. fa.* as personal property, was to be excluded from their consideration altogether. We see no error in this. If, as is clear, the sheriff was not bound in law to sell that interest on a *fi. fa.*, and indeed had no legal

[*Commonwealth ex rel.* Knight *v.* Allen *et al.*]

authority to do so, the plaintiff could have suffered no loss by his failure to do so, for which the sheriff would be made to respond in damages, under the suggestion filed in this case.

" As to the competency of the agents of the sheriff's deputy to testify in the case, it is within the principle well settled, that though an agent may be incompetent to relieve the principal from the consequences of his own negligence, persons employed by him and acting under his orders are. Their liability is too remote and contingent to affect their competency; nor could the verdict and judgment be given in evidence against them, which seems to be the principal ground in which the agent himself is held incompetent to testify in such a case. Rule refused."

The plaintiffs then sued out this writ, and here assigned for error: 1. The admission of the testimony of George K. Wise. 2. The charge of the court.

*Carter* and *F. C. Brewster*, for the plaintiffs in error.—Wise was incompetent; a verdict for the plaintiffs would have created a responsibility on his part to the defendant: Conrad *v.* Keyser, 5 *S. & R.* 371.

A life estate may be sold without inquisition or condemnation: Stewart *v.* Kenower, 7 *W. & S.* 288. Besides, if an inquisition was necessary under the Act of 24th January 1849, yet the sheriff has not performed his duty under that act.

The plaintiffs were at least entitled to a verdict for the amount of the proceeds of sale; and the court was, therefore, clearly wrong in charging that the damages should be only nominal.

*Hazlehurst*, for defendants in error.—Wise was a competent witness. He held no position under the sheriff, and was in no event liable to him: Juniata Bank *v.* Beale, 1 *W. & S.* 227; Dorrance *v.* Commonwealth, 1 *Harris* 160; Schuylkill Navigation Company *v.* Harris, 5 *W. & S.* 29.

A lease *per autre vie* is a freehold estate, not of inheritance, and cannot be sold under a *fi. fa.* Under the Acts of 1836 and 1840, a life estate was not the subject of levy and execution: Eyrick *v.* Hetrick, 1 *Harris* 488; Dennison's Appeal, 1 *Barr* 201. But this is now regulated by the Act of 24th January 1849: *Brightly's Purd.* 341.

The plaintiffs have no right to complain of the charge, as " *it was left to the jury to say what damage the plaintiff had suffered, and the jury were instructed that if they thought he had suffered no damage they ought still to find for the plaintiff nominal damages.*"

The opinion of the court was delivered by

STRONG, J., who, after stating the facts of the case, continued as follows:—

Undoubtedly the sheriff was in default, and the plaintiffs were therefore entitled to a verdict. But for how much? The learned judge of the District Court instructed the jury that if they believed the goods sold were the same levied upon, the damages ought to be nominal. In this we perceive no error. Clearly, if the same goods were sold which the sheriff had *seized* in December 1853, as the jury have found, then Knight & Co. have sustained no injury for which the sheriff is responsible. The delay caused by the interpleader is not attributable to him. So far, therefore, as the plaintiffs' declaration complains of failure to sell the goods levied upon, the verdict negatives the charge, and the sheriff was not responsible even in nominal damages. It is argued, however, that the plaintiffs were entitled to recover at least $33.33, the sum for which the goods were sold in April 1855. If the breach of duty averred in the declaration had been non-payment of money made under the *fi. fa.*, the argument might be sound, but there is no such breach assigned. The sheriff is impleaded for not having sold that upon which he had levied, and for not having returned his writ. In this case he is answerable only for the damages which Knight & Co. have sustained in consequence of his default in these two particulars.

It is also assigned for error, that the court below instructed the jury that the lease for life could not be sold under the *fi. fa.* It was a lease *per autre vie*, a freehold not of inheritance. Though it does not appear in the bill of exceptions, yet it is said Sharp did not claim ownership of the lease, and that the interpleader was not to try his right to it. Assuming the fact to be thus, did the court err in ruling that the sheriff could not sell it under the *fi. fa.*? We think not. Prior to the 24th of January 1849, there was a statutory prohibition of the sale of estates for life under any execution; and although since that time they may be sold, yet the sales must be made in the manner provided by law in the case of estates of inheritance, and only under a *venditioni exponas*. Until the return day of that writ, any lien creditor has a right to the appointment of a sequestrator: Act of Jan. 24, 1849, §§ 3 and 4, *P. L.* 676. Nor can the writ of *venditioni exponas* issue, unless by the direction of the court, and after notice to the tenant for life. It is no answer to this, that if the sheriff could not sell it was his duty to have an inquisition found. He is not sued for neglect to do that, nor did the court below instruct the jury upon that subject.

The only remaining error assigned is the admission of George K. Wise as a witness for the defendants. He was not the deputy of the sheriff, but a person employed by the sheriff's deputy. If, therefore, there was any liability on his part to the sheriff, it was dependent upon a double contingency. It was quite too remote

to render him incompetent. The rule is well stated by Greenleaf: 1 *Greenleaf Ev.* § 394; "The liability must be *direct and immediate to the party;* for if the witness is liable to a third person who is liable to the party, such circuity of interest is no legal ground of exclusion." Such, also, is the principle of Schuylkill Navigation Company *v.* Harris, 5 *W. & S.* 28.

Judgment affirmed.